THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASARCO LLC, | CASE NO. C24-6060-JCC |
| Plaintiff, | ORDER |
| v. | |
| LOREN M. COHEN, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 16). Having thoroughly considered the briefing and record, and finding oral argument unnecessary,[1] the Court DENIES the motion for the reasons described herein.

I.    BACKGROUND

Plaintiff brings this action to enforce Defendant's personal guaranty and stipulated judgment (along with interest). (*See generally* Dkt. No. 1.) According to Plaintiff, Defendant is the "controlling member and manager" of Point Ruston, LLC, and its affiliated entities, namely, Point Ruston Phase II, LLC; Point Ruston Building 11/9, LLC; Point Ruston Phase III, LLC; and Point Ruston Phase IV, LLC (collectively the "Point Ruston Entities") (*See id.* at 1, 10, 25.) Plaintiff says that Defendant offered up the guaranty (Dkt. No. 17-2) to induce Plaintiff to extend

---

[1] Each party has had a full opportunity to brief the issues presented. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

the payout schedule on a settlement agreement between it and the Point Ruston Entities—approximately $6 million in principal (plus interest). (*See id.* at 2.)[2] Defendant also stipulated to the form of a judgment to be entered, should the guaranty become due and owing. (Dkt. No. 17-3 at 2–4.) Based in part on these assurances, Plaintiff entered into a revised settlement agreement with the entities, extending the due date on amounts owing from July 2022 to November 2024. (*See* Dkt. No. 17-1 at 2–5) (revised agreement). That date came and went without satisfaction. (Dkt. No. 17 at 2.)

Plaintiff contends it used reasonable collection efforts but was unsuccessful because the Point Ruston Entities are collectively insolvent (indeed, some have since entered receivership while others have dissolved), *i.e.*, they are judgment proof. (*Id.* at 2–4.) Plaintiff further contends that, to the extent it has any interest in the resulting receivership assets, those interests are subordinate to others' interests. (Dkt. No. 16 at 6–10.) Moreover, asserts Plaintiff, this is largely Defendant's own doing, as he was the entities' authorized representative when they entered receivership. (*Id.*) For all these reasons, Plaintiff suggests it has no "genuine prospect of collecting any money" from the entities and that further collection effort would be "a fruitless exercise." (Dkt. Nos. 1 at 4, 16 at 13.) Thus, Plaintiff turns to Defendant's guaranty for satisfaction, filing suit here to enforce that guaranty. (Dkt. No. 1.)[3]

Plaintiff now moves for summary judgment, asking the Court to find as a matter of law the guaranty "is due and in default." (Dkt. No. 16 at 15.) In response, Defendant notes the guaranty is *conditional* (as to Plaintiff's exhaustion of collection efforts against the Point Ruston Entities) and that there are genuine issues of fact regarding whether Plaintiff fully exhausted its collection efforts. (*See generally* Dkt. No. 20 at 10–27.)[4]

---

[2] The guaranty is incorporated as an explicit condition of the revised settlement agreement (*See* Dkt. No. 17-1 at 4); (*see also* Dkt. Nos. 17-2, 17-3) (guaranty and judgment).

[3] Plaintiff asserts two claims: breach of the guaranty (Count 1) and enforcement of the stipulated-to judgment (Count 2). (*See id.* at 4–5.)

[4] In response, Defendant also points out that Plaintiff's motion is limited to its case in chief and does not implicate pleaded affirmative defenses. (Dkt. No. 20 at 11.)

C24-6060-JCC
ORDER
PAGE 2

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such motions, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conversely, if that showing is made, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

### B. Analysis

The guaranty described above and offered by Defendant to Plaintiff contains the following condition(s):

> Before enforcing this Guaranty, (a) [Plaintiff] must **first use reasonable efforts** to **obtain judgment** against the Point Ruston [Entities] for breach of their payment obligations under the Settlement Agreement, (ii) [Plaintiff] must use **reasonable efforts** to **execute on any judgment obtained** against the Point Ruston [Entities], and (iii) following execution, a portion of the sums dues [sic] under the Settlement Agreement must remain unpaid.

(Dkt. No. 17-2 at 2–3) (emphasis added).

It is undisputed that Plaintiff has not yet obtained judgment, much less sued the Point Ruston Entities. (*See generally* Dkt. Nos. 17, 18.) Nevertheless, Plaintiff asks the Court to "rule that such condition precedent . . . has been excused or waived" and to make this finding as a matter of law. (*See* Dkt. No. 16 at 12.)

In support, Plaintiff primarily relies on *Kesner v. Inland Empire Land Co.*, 272 P. 29, 31

(Wash. 1928),[5] positing that it stands for the proposition that "when the primary obligors are proven to be insolvent, the creditor does not need to pursue the fruitless act of pursuing the primary obligor before enforcing a guaranty of collection." (Dkt. No. 16 at 12.) But that is the very issue. In *Kesner*, insolvency was *proven, i.e*, it was an established fact. *See* 272 P. at 31. Indeed, according to the Washington Supreme Court, there the appellant admitted "the record offered in the superior court was sufficient to show insolvency." *Id.* Whereas here, this is a contested issue and Defendant points to evidence it contends establishes genuine issues of fact. (*See* Dkt. No. 20 at 15–27.)

Starting with Point Ruston, LLC, Plaintiff suggests that (a) the entity has significant negative equity (excluding disputed debts) and (b) other creditors hold superior claims to Plaintiff's (and that those other claims exceed the entity's liquidation value); thus, there is nothing here for Plaintiff. (Dkt. No. 16 at 9–10) (citing Dkt. Nos. 18-14, 18-15). However, Defendant rebuts this evidence with the following: (a) entity assets included in the receivership not yet valued (and/or undervalued), (b) possible choses in action (benefiting Point Ruston, LLC) for environmental contribution, and (c) the unresolved status of Plaintiff's security interest(s) in the entity's receivership assets. (*See* Dkt. No. 20 at 18) (citing Dkt. No. 18-11 at 28, 18-13 at 10, 21 at 4, 22 at 5–6, 23 at 1–3). This is sufficient to establish a genuine issue of fact regarding the futility of Plaintiff's collection efforts against Point Ruston, LLC.

Turning to Point Ruston Phase III, LLC (which the parties agree is *not* in receivership), Plaintiff contends that, based on what it believes to be the Point Ruston Entities' intercompany debt, Phase III's liabilities exceed its value. (*See* Dkt. No. 16 at 10–11) (citing Dkt. No. 18-11 at 21.) Plaintiff sought discovery to confirm this understanding but has yet to obtain it. (*See* Dkt. No. 16 at 10–11) (citing Dkt. No. 18 at 3–5, 18-17 at 2, 18-18 at 2, 18-19 at 2). Nevertheless, it moved for summary judgment on this issue before the close of the discovery cut-off. (Dkt. No.

---

[5] Plaintiff also includes supporting citations to various non-controlling authority. (*See* Dkt. No. 16 at 12–13.) All are distinguishable from this matter on the facts or the issues presented to those Courts. As such, the Court does not find them persuasive and declines to address each further.

16 at 14–15.) In response, Defendant presents evidence that the entity, in fact, holds assets worth *more* than its liabilities. (Dkt. No. 20 at 24.) (citing Dkt. No. 22 at 7). While the evidence may be thin, it is sufficient to establish a genuine issue of fact on the issue of futility, when viewing facts and inferences in the required light. *See, e.g.*, *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1129 (9th Cir. 2021).

Because, at a minimum, genuine issues of fact remain, the Court cannot, as a matter of law, find that Plaintiff's condition precedent to expend reasonable efforts to first obtain judgment against each of the Point Ruston Entities (and then attempt to collect on that judgment) is excused, such that it can now grant judgment to Plaintiff to enforce Defendant's guaranty.

## III.　CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment (Dkt. No. 16).

It is so ORDERED this 29th day of August 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE