THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASARCO LLC, | CASE NO. C24-6060-JCC |
| Plaintiff, | ORDER |
| v. | |
| LOREN M. COHEN, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 27) and Defendant's motion for summary judgment (Dkt. No. 29). Having thoroughly considered the briefing and record, and finding oral argument unnecessary, the Court GRANTS in part and DENIES in part the motion to compel (Dkt. No. 27) and DENIES the motion for summary judgment (Dkt. No. 29) for the reasons described herein.

The Court described the general background of this case in a prior order, (*see* Dkt. No 25 at 1–2), and will not repeat that information here. As it relates to the instant motions, at issue is the solvency (or lack thereof) of third parties Point Ruston LLC and Point Ruston Phase III, LLC (and how the financial status of those entities impacts Defendant's conditional guaranty, *i.e.*, whether the relevant condition is excused or waived). (*See generally* Dkt. Nos. 27, 29.) Each of the motions are addressed below.

**Plaintiff's Motion to Compel (Dkt. No. 27)**

In general, parties are entitled to discover non-privileged information (1) relevant to any party's claims or defenses and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible but must be reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). If requested discovery is withheld inappropriately or goes unanswered, the injured party may move to compel. *See* Fed. R. Civ. P. 37(a)(1). In addition, absent undue burden or cost, or claims of privilege or protection, a person served with a subpoena *duces tecum* must produce that information. Fed. R. Civ. P. 45(e). If the recipient fails to do so, or to timely object, the party serving the subpoena may seek an order to compel the recipient to produce the documents or to furnish for inspection the files containing the documents. Fed. R. Civ. P. 45(d)(2)(B)(i). And a person who fails to comply with a court order to produce documents may be held in contempt. Fed. R. Civ. P. 45(f); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983).

Here, Plaintiff asks for an order compelling the production of documents responsive to a subpoena *duces tecum* it issued to Point Ruston Phase III, LLC (Dkt. No. 28-1) along with a notice for deposition testimony regarding the same (Dkt. No. 28-3). (*See* Dkt. No. 27-1.) The Court retains broad discretion in determining whether to grant such a motion. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In May 2025, Plaintiff served Phase III's registered agent with the subpoena. (*See* Dkt. No. 28-1 at 6.) At the time, Point Ruston LLC was Phase III's sole member and Defendant its sole manager. (*See* Dkt. Nos. 28-5 at 2–3, 28-6 at 2.) So Defendant's attorney Jack Krona, Jr. accepted service of the deposition subpoena and said that he would "look into dates and get back to [Plaintiff]" regarding the same. (*See* Dkt. No. 28-4 at 2.) Then in July 2025, before Phase III produced any documents and before Defendant set a date certain for his testimony, Mr. Krona changed course, stating he could not act as an intermediary between Plaintiff and Phase III. (*See* Dkt. No. 28-5 at 2.) Rather, said Mr. Krona, Plaintiff would need to deal with Point Ruston

1  LLC's court-appointed receiver. (*Id.*) This was because Point Ruston LLC's estate, including its
2  interest in Phase III, was controlled by the receiver rather than its manager. (*Id.*)
3        The parties went back and forth on the issue, with Plaintiff suggesting that, because
4  Defendant remained Point Ruston Phase III, LLC's manager, he was obliged to comply with
5  both subpoenas. (*See* Dkt. No. 28-6 at 2.) In response, on September 15, 2025, Defendant
6  notified the receiver that, effective immediately, he was resigning as Phase III's manager. (*See*
7  Dkt. No. 31-1 at 2.)[1] Shortly thereafter, on September 17, 2025, Plaintiff issued discovery
8  requests to Defendant for similar information as that contained in the subpoena deuces tecum.
9  (*See* Dkt. No. 30 at 2.)
10        Following briefing on the motion to compel, the Court asked for a supplemental report on
11  the state of Defendant's production. According to that report, while production remained, it
12  appeared Defendant would produce responsive documents in his possession, but that he largely
13  did not possess such information. (*See generally* Dkt. No. 37.) Thus, Plaintiff now seeks an order
14  which it may present to Point Ruston's receiver commanding ***it*** to respond to the previously
15  issued subpoena and to submit to a deposition regarding the same, within a date certain. The
16  Court sees good cause and will do so below.
17        Turning to the discovery sought directly from Defendant: First, on the issue of his
18  deposition, based on a recent motion (Dkt. No. 36), it appears the parties are at odds regarding
19  the location of that testimony. The Court will address that issue in due time, once Defendant's
20  motion (Dkt. No. 36) notes. Although, fair warning, as a general matter, the Court believes that
21  an in-person deposition is likely warranted here. Defendant would need to evince compelling
22  circumstances to demonstrate otherwise here. Second, on the issue of the discovery Plaintiff
23

---

24  [1] Of note, Defendant remains the manager of record according to Washington's Secretary of
25  State. (*See* Wash. Sec. of State Corp. search, last accessed on October 20, 2025, *available at* https://perma.cc/M33B-JHVM). Fundamentally, for purposes of the instant suit, it would seem
26  Defendant welcomed his Phase III managerial role when it suited him, (*see, e.g.*, Dkt. No. 22 at 6–10), but then attempted to cast it aside when it did not, (*see, e.g.*, Dkt. Nos. 28-5 at 2, 31-1 at 22). The Court will not countenance such gamesmanship as this litigation proceeds.

recently propounded to Defendant, (*see* Dkt. No. 30 at 2), to the extent Defendant fails to produce responsive documents, and Plaintiff has *evidence* (rather than *speculation*) that these documents are within Defendant's possession, Plaintiff may move for sanctions.

Thus, Plaintiff's motion to compel (Dkt. No. 27) is GRANTED in part and DENIED in part, as discussed above.

**Defendant's Motion for Summary Judgment (Dkt. No. 29)**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such motions, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conversely, if that showing is made, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In moving for summary judgment, Defendant argues that Plaintiff's alleged failure to exercise reasonable diligence in its collection efforts "results in the complete discharge of the conditional guaranty as a matter of law based on the undisputed facts." (Dkt. No. 29 at 5.) The Court discussed this guaranty in its prior order. (*See* Dkt. No. 25 at 3–5.) It noted that the reasonableness of Plaintiff's collection efforts was driven, in part, by Phase III and Point Ruston's solvency. (*Id.*); *see Kesner v. Inland Empire Land Co.*, 272 P. 29, 31 (Wash. 1928) (insolvency may absolve creditor from making demand)). And that the parties pointed to countervailing evidence on the issue. (*Id.*) The same is true here. (*Compare* Dkt. No. 29 at 5–6, *with* Dkt. 33 at 3–4.) Thus, this remains a genuine issue of fact. Nor is this the only genuine issue of fact here. Plaintiff suggests that Defendant willfully hindered Plaintiff's collection efforts.

C24-6060-JCC
ORDER
PAGE 4

(*See* Dkt. No. 33 at 5–6) (citing Dkt. No. 17-1 at 3–4; 18-1 at 48–51, 79–82). If so, this might also excuse Plaintiff's performance. *See, e.g.*, *Refrigeration Engr. Co. v. McKay*, 486 P.2d 304, 309 (Wash. Ct. App. 1971); *Cavell v. Hughes*, 629 P.2d 927, 929 (Wash. Ct. App. 1981).

Thus, Defendant's motion for summary judgment (Dkt. No. 29) is DENIED

Accordingly, the Court ORDERS as follows:

1. Point Ruston Phase III, LLC is required to respond to the subpoena duces tecum and deposition subpoena served on it by Plaintiff Asarco.

2. Asarco will serve this Order on Point Ruston Phase III, LLC's registered agent in Washington. Additionally, based on defendant Cohen's representation that he has withdrawn as Point Ruston Phase III, LLC's manager, and without any information regarding its successor manager, Asarco will serve a courtesy copy of this Order on the attorney for Point Ruston Phase III, LLC's sole member Point Ruston LLC's receiver. Asarco should submit proof of service to the Court.

3. Point Ruston Phase III, LLC shall produce all documents responsive to Plaintiff Asarco's subpoena duces tecum within 20 days of service of this Order.

4. Within 7 days of service of this Order, Point Ruston Phase III, LLC shall provide Plaintiff Asarco with available dates within the following 30 days for its deposition.

5. Any failure to comply with this Order may result in a finding of contempt against Point Ruston Phase III, LLC pursuant to Federal Rule of Civil Procedure 45(g).

//
//
//
//
//
//

C24-6060-JCC
ORDER
PAGE 5

DATED 23rd day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE